UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO.:3:16-CV-285-RLM |
| | ) | (ARISING FROM 3:12-CR-017-RLM) |
| JASON RIFE | ) | |

OPINION AND ORDER

Jason Rife pleaded guilty to one count of possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). This matter is before the court on Mr. Rife's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Rife's motion.

I. BACKGROUND

Mr. Rife was charged in a ten-count indictment with conspiracy, various drug dealing offenses, and being a felon in possession of a firearm. Six months after he was indicted, Mr. Rife entered into a plea agreement with the government under which he agreed to plead guilty to Count 6; in exchange, the government agreed to dismiss the other nine counts of the indictment, recommend a sentencing reduction for acceptance of responsibility, and argue for a sentence at the low end of the applicable guideline range. The agreement acknowledged that the statutory maximum penalty that could be imposed upon Mr. Rife was 20 years imprisonment. The plea agreement also included, in bold typeface, the

following waiver of Mr. Rife's right to appeal or collaterally attack his conviction or sentence:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement;
> **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]**

(emphasis in original).

Magistrate Judge Christopher Nuechterlein conducted the change of plea hearing. Mr. Rife confirmed that he understood the charge to which he was pleading guilty and that he realized he faced a maximum sentence of twenty years in prison. He stated that he had read the plea agreement, discussed it with his lawyer, and understood it. The magistrate judge specifically noted the appeal waiver provision in the agreement, explained it to Mr. Rife, and asked Mr. Rife whether he understood that he would "not be able to appeal or contest [his] conviction or [his] sentence or the manner in which it was determined or imposed to any Court, under any grounds." Mr. Rife answered "Yes, I do. Your Honor." After going over the fact that the Guidelines are advisory and that the court would be free to reject the government's recommendations as to sentence, the magistrate judge explicitly found that Mr. Rife had knowingly and intentionally

waived his constitutional rights, that he was informed about the maximum penalty, that he was pleading freely and voluntarily, and that there was an adequate factual basis for the plea. The court subsequently adopted the magistrate judge's recommendation and accepted Mr. Rife's guilty plea.

At sentencing, both parties agreed that Mr. Rife was a career offender within the meaning of the Guidelines because he had four prior felony convictions for "crimes of violence" within the meaning of § 4B1.2. Mr. Rife had Indiana convictions for resisting law enforcement, battery resulting in serious bodily injury, battery of a minor, and domestic battery. Both parties also argued for a sentence of 151 months, the low end of the applicable Guideline range after accounting for Mr. Rife's career offender status. The court agreed, and sentenced Mr. Rife to a total of 151 months imprisonment. The court entered judgment on November 30, 2012 and Mr. Rife didn't appeal.

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which establishes a fifteen-year mandatory minimum sentence for a defendant with three prior "violent felonies" on his record. The so-called "residual clause" of the statute defined "violent felony" in part to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Johnson held the residual clause was unconstitutionally vague, and the Supreme Court later determined that Johnson announced a substantive rule retroactively applicable to cases on collateral review. *See* Welch v. United States, 136 S. Ct. 1257, 1265 (2016) ("Johnson is thus a substantive

decision and so has retroactive effect under Teague in cases on collateral review.").

Mr. Rife wasn't sentenced under the residual clause of the Armed Career Criminal Act. But his sentence was enhanced under § 4B1.2 of the Guidelines because he had at least two prior convictions for "crimes of violence" – a term the Guidelines define in part using language very similar to the clause declared unconstitutionally vague in Johnson. Mr. Rife wants the court to retroactively apply Johnson's reasoning to the Guidelines provisions used to enhance his sentence. He argues that once the residual clause defining "crime of violence" in the Guidelines is thrown out, none of his four prior felony convictions would qualify for purposes of enhancing his sentence. Mr. Rife filed a petition under 28 U.S.C. § 2255 within one year of the date of the Johnson opinion, asking that his sentence be vacated and he be resentenced without the career offender enhancement.

## II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Issues not argued and decided on direct appeal generally can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural

default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). A claim of ineffective assistance of counsel not raised on direct appeal can, however, still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255 (2012). After reviewing Mr. Rife's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

III. DISCUSSION

The court doesn't reach the substance of Mr. Rife's claims, because he isn't entitled to raise them in light of the appeal waiver in his plea agreement. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011). A defendant's waiver of such rights is valid and enforceable, provided it was made knowingly and voluntarily and the claims the defendant wishes to bring fall within the scope of the waiver. *See* United States v. Sines, 303 F.3d 793, 798 (7th Cir. 2002) ("This court has

5

held many times that a voluntary and knowing waiver of an appeal is valid and must be enforced.").

Mr. Rife's waiver was clearly voluntary and knowing, and he doesn't argue otherwise. He said during the change of plea hearing that he had read and understood the terms of the plea agreement, discussed the plea agreement with his attorney, and understood specifically that he was giving up his right to appeal or otherwise challenge his sentence. These sworn statements at the change of plea hearing are presumed to be truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The waiver is broad, and encompasses the claim Mr. Rife wants to raise based on Johnson; the waiver provision unambiguously says that by pleading guilty, Mr. Rife is waiving his right to collaterally attack his sentence with a § 2255 petition "on any ground" other than ineffective assistance of counsel that related directly to the negotiation of the plea agreement. Because Mr. Rife admits that his waiver was knowing and voluntary and that his current claim falls within its scope, the waiver ordinarily "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

There are very limited situations in which a waiver doesn't foreclose review, but none of those exceptions to the general rule of enforceability apply here. First, "a sentence based on constitutionally impermissible criteria, such as race...can be challenged on appeal even if the defendant executed a blanket waiver of his appeal rights." United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). Mr. Rife's sentence wasn't based on race or any other impermissible

criteria; it was based on his crime, his prior criminal history, the sentencing guidelines in an advisory capacity, and the § 3553(a) factors mandated by statute. Mr. Rife doesn't argue that it is unconstitutional to enhance a defendant's sentence based on prior criminal record, only that his criminal record received more weight than it was due. A mistake in designating a defendant as a career offender simply isn't sufficient ground to ignore a knowing and voluntary waiver of appellate rights. *See* United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014) ("Smith may think that the court committed a mistake in classifying him as a career offender, but we have held that appeal waivers preclude appellate review even of errors that are plain in retrospect.").

An appeal waiver also won't be enforced "if the judge sentenced a defendant in excess of the statutory maximum sentence for the crime committed." United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997). Mr. Rife's 151-month sentence falls well within the statutory maximum for his offense of conviction, which was 20 years imprisonment. Finally, a defendant doesn't lose the right to pursue a claim that his plea deal was made without effective assistance of counsel, United States v. Sines, 303 F.3d 793, 798 (7th Cir. 2002), but Mr. Rife was represented at the time he pleaded guilty and doesn't challenge his attorney's performance.

Simply put, Mr. Rife argues that after his conviction the law changed in his favor and so he should get the benefit from that change. His appeal waiver surrendered any such post-sentence claim. That the law later changed in a way

7

a defendant wishes he could take advantage of doesn't undermine the voluntariness – or enforceability – of a valid waiver. *See* United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009) ("We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments."). That Johnson ruled on a constitutional question is of no import, as courts in this and other circuits have consistently held that even Supreme Court decisions holding some prior feature of the defendant's sentence unconstitutional don't escape valid waivers. *See, e.g.*, United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) (enforcing appeal waiver despite subsequent "sea change" in the law holding mandatory sentencing guidelines unconstitutional, because "there is abundant case law that appeal waivers worded as broadly as this one are effective even if the law changes in favor of the defendant after sentencing."); United States v. Bradley, 400 F.3d 459, 463-464 (6th Cir. 2005) (holding that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."); United States v. Killgo, 397 F.3d 628, 632 n. 2 (8th Cir. 2005) ("The fact that Killgo did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver.").

Mr. Rife argues that his claims fit into another narrow exception that can render appeal waivers unenforceable – the "miscarriage of justice" exception, in which a waiver won't be enforced if doing so "seriously affects the fairness,

8

integrity or public reputation of judicial proceedings." United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc). Mr. Rife relies on United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015), a post-Johnson case in which the Tenth Circuit held that a defendant who "received an enhanced sentence under an unconstitutional sentencing guideline" was entitled to relief under plain error review because the application of the unconstitutionally vague residual clause in the Guidelines "undermin[ed] the fundamental fairness of his sentencing proceedings." Id. at 1212. Mr. Rife points out that he wants to make precisely the same argument the defendant in Madrid did, and that denying him the right to do so based on his waiver would be a miscarriage of justice.

Many circuits employ a general "miscarriage of justice" exception permitting defendants to escape their appeal waivers, but our circuit does not. Our court of appeals takes a more limited approach, recognizing as sufficient to escape a valid appeal waiver only the three exceptions already discussed. See United States v. Smith, 759 F.3d 702, 706 (7th Cir. 2014) (holding that ineffective assistance of counsel related to the plea negotiations, sentences based on impermissible characteristics such as race, and sentences exceeding the statutory maximum are "the only sorts of grounds which we have indicated may be sufficient to overcome a broad appellate waiver such as the one [the defendant] knowingly and voluntarily agreed to."). A court in this district has already confronted the question of whether defendants who waived their right to collateral attack can escape that waiver by arguing that Johnson undermines

their sentences, and concluded that such waivers must be enforced because "the Seventh Circuit… has strictly circumscribed the exceptions that can be invoked to appeal waivers, and has never recognized a generalized miscarriage-of-justice exception." United States v. Navarro, No. 3:02-CR-61-JD, 2016 WL 3365042, at *4 (N.D. Ind. June 17, 2016).

Even if Mr. Rife were bringing his claims in a circuit that recognizes a general miscarriage of justice exception, he hasn't shown such a miscarriage. Madrid, the Tenth Circuit opinion on which Mr. Rife hangs his hat, didn't involve an appeal waiver. That decision held only that misapplication of the career offender enhancement in light of Johnson was plain error, permitting relief for a defendant who didn't object at sentencing but was entitled to appeal. United States v. Madrid, 805 F.3d at 1212-1213. Madrid didn't hold that such an error was a "miscarriage of justice" that would justify ignoring an otherwise enforceable waiver. While courts applying the plain error and miscarriage of justice standards often use similar language, that the two standards differ is amply demonstrated by a post-Madrid Tenth Circuit decision enforcing an appeal waiver and refusing to let a defendant bring an appeal based on Johnson. *See* United States v. Hurtado, No. 16-2021, 2016 WL 3410270, at *1 (10th Cir. June 17, 2016) (dismissing appeal based on Johnson, because "[t]he government unequivocally establishes that the appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and *enforcing the waiver will not result in a miscarriage of justice.*") (emphasis added).

10

Accordingly, while a career offender enhancement based on the newly unconstitutional residual clause might be plain error after Johnson, it isn't a "miscarriage of justice" for purposes of releasing defendants from their appeal waivers. Every other circuit that has tackled this issue in the past year seems to agree. *See, e.g.*, United States v. Bey, No. 15-1655, 2016 WL 3206808, at *6 (1st Cir. June 9, 2016) ("While an unobjected-to Guidelines calculation that the parties agree is overstated in view of [Johnson] may in some circumstances be plain error, it is not, in this case, a miscarriage of justice so 'egregious' that we would decline to enforce the strong appellate waiver clause to which Bey agreed.") (citations omitted); United States v. Blackwell, No. 15-1031, 2016 WL 3190569, at *2 (2d Cir. June 1, 2016) ("Because Blackwell's sentence conformed to his plea agreement, he received the benefit of that agreement and he has waived any challenge to his sentence on the basis of Johnson."); United States v. Ford, No. 15-3684, 2016 WL 1274126, at *1 (8th Cir. Apr. 1, 2016) (enforcing appeal waiver to claims that "the district court misapplied the career-offender provisions of the Guidelines, in light of Johnson"). Mr. Rife hasn't pointed to any authority reaching a contrary conclusion, suggesting that even courts that recognize a miscarriage of justice exception don't consider miscategorization of a defendant as a career offender based on the residual clause to satisfy that stringent standard.

By explicitly waiving his right to collaterally attack his plea, Mr. Rife voluntarily assumed the risk that a favorable change in the law might occur and

11

that he wouldn't be able to benefit from such a change. *See* United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) ("By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one."). Nothing in the record suggests that agreeing to take that chance was anything other than "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Accordingly, the court must enforce the bargain Mr. Rife struck when he pleaded guilty, and that bargain forbids him from collaterally attacking his sentence.[1]

## IV. Conclusion

Based on the foregoing, the court DENIES Mr. Rife's § 2255 motion to vacate his sentence. (Doc. No. 50).

SO ORDERED.

ENTERED: July 5, 2016

/s/ Robert L. Miller, Jr.<br>
Judge<br>
United States District Court

---

[1] Because the court enforces Mr. Rife's appeal waiver, it doesn't reach any of the other issues the parties raise regarding the retroactive applicability of Johnson to the similar but distinct residual clause in the Guidelines, procedural default, or whether Mr. Rife's prior convictions qualify as crimes of violence despite Johnson.