UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON RIFE, | ) |
| | ) |
|     *Petitioner*, | ) |
| | ) |
|   v. | )   Cause No. 3:16-cv-285 RLM |
| | )   (Arising out of 3:12-cr-17 RLM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     *Respondent.* | ) |

## OPINION AND ORDER

Jason Rife pled guilty to possessing with intent to distribute a mixture or substance which contained heroin, in violation of 21 U.S.C. § 841(a)(1). At sentencing, both parties agreed that Mr. Rife was a career offender under the Federal Sentencing Guidelines because he had four prior felony convictions for "crimes of violence." USSG § 4B1.2. The relevant prior offenses were resisting law enforcement, battery resulting in serious bodily injury, battery of a minor, and domestic battery. Mr. Rife challenged his career offender status in a motion to vacate under 28 U.S.C. § 2255 based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015) that parallel language in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. The court held that the appeal waiver in Mr. Rife's plea agreement barred his motion. This court now addresses whether a certificate of appealability ought to be issued under 28 U.S.C. § 2253(c)(2).

Issuance of a certificate of appealability requires the court to find that Mr. Rife has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has done so.

Mr. Rife's collateral attack failed under existing Seventh Circuit precedent. He didn't show that the appeal waiver was uninformed or involuntary, that a collateral attack was outside of its scope, that sentencing relied on a constitutionally impermissible factor, that his sentence exceeded the statutory maximum, or that his counsel provided ineffective assistance in negotiating the plea agreement. *See* Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (listing exceptions to otherwise valid appeal waiver).

This is an area in which reasonable jurists might disagree. Even though United States v. Bownes, 405 F.3d 634 (7th Cir. 2005) enforced the appeal waiver of a defendant given a within-guideline sentence before United States v. Booker, 543 U.S. 220 (2005), Bownes doesn't address whether a waiver is enforced if the guidelines at the root of a sentence are themselves invalid. Outside developments in the law may also encourage the appeals court to revise its interpretation of whether a defendant can ever waive rights unknown at the time of the waiver. *See* United States v. McBride, 826 F.3d 293, 294-295 (6th Cir. 2016) (holding that defendant agreeing to career offender designation didn't waive a Johnson-based challenge to the designation because "a defendant can abandon only *known rights*," so he "could not have intentionally relinquished a claim based on Johnson, which was decided after his sentencing").

Based on the foregoing, this court GRANTS issuance of a certificate of appealability to Mr. Rife with respect to the issue of whether a waiver of appeal in the plea agreement bars a challenge under Johnson v. United States, 135 S. Ct. 2551 (2015).

SO ORDERED.

ENTERED:   September 29, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court